■ HERZOG BROTHERS TRUCKING, INC., Also Known as HERZOG BROTHERS, INC., et al., Respondents, v STATE TAX COMMISSION et al., Appellants.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered March 3, 1986 in Albany County, which granted plaintiffs' motion for a preliminary injunction.

Plaintiff Herzog Brothers Trucking, Inc. (Herzog) is a Pennsylvania corporation engaged in the wholesale and retail distribution and sale of motor fuels. In June 1984, wholesale distribution of motor fuels was made to the Seneca Nation of Indians on the Allegany and Cattaraugus Reservations, and sales were made to authorized retail establishments located on the reservations. These distributions and sales are the only ones made by Herzog in this State.

Prior to June 1, 1985, sales taxes were collected at the time motor fuels were sold to the ultimate consumer and the motor fuel tax was collected upon the first sale by the distributor *(see,* Tax Law former arts 12-A, 28). However, the Indian retailers claiming exemption from State taxation refused to pay the motor fuel tax (Tax Law art 12-A) or sales tax (Tax Law art 28). Because non-Indians were driving to the reservations and purchasing motor fuels and avoiding the payment of taxes, a statutory amendment was enacted on June 1, 1985 (L 1985, ch 44, § 20, adding Tax Law § 1102). In order to deter this tax evasion, the amendment imposed taxes at the time the fuel is imported or first sold (Tax Law § 1102 [a] [i], [ii]). As amended, the pertinent provisions of the Tax Law provide that an excise tax (Tax Law § 284 [1]) and a sales tax (Tax Law § 1102 [a]), except as prohibited by the US Constitution and the laws of the United States enacted pursuant thereto, are imposed on the importation of motor fuels by a distributor of such fuels. Both the motor fuel and sales taxes are then passed through to the retailer and are ultimately to be borne by the retail consumer *(see,* Tax Law § 289-c [1], [2]; § 1102 [d]; § 1132 [a]; § 1133 [a]). All such fuel imported or sold in this

State is presumed to be subject to the motor fuel tax (Tax Law § 285-a). If the distributor fails to collect the tax, the purchaser of the fuel is required to remit the tax (Tax Law § 284 [3]; § 1102 [b]). Every person who imports or sells motor fuel is also required to register (Tax Law § 283 [1]; § 1134), keep detailed records of his sales (Tax Law §§ 287, 1136) and post bonds or deposit securities "to secure the payment of any sums due from such distributor" (Tax Law § 283 [3]). The bonding requirement appears to apply only to the distributors of motor fuel, while the other requirements apply to both distributors and retailers of motor fuels. The Tax Law further provides for a refund or credit for any tax which is collected from or paid by a person or entity which is exempt from such taxation (see, Tax Law §§ 289-c, 1139). The assessment in this case against Herzog is for past sales covering the period from June 1, 1984 to May 31, 1985.

In October 1984, defendants began assessing motor fuel tax and sales tax against Herzog with regard to the past sales. These assessments approximated $480,000, exclusive of penalties and interest. Herzog filed petitions challenging this assessment, claiming exemption because all their sales were to Indians or Indian reservations. In November 1985, while administrative proceedings were still pending, the instant declaratory judgment action was commenced by Herzog and its shareholders seeking a declaration of unconstitutionality of the taxes and the procedures employed to collect them. Subsequently, plaintiffs moved for a preliminary injunction to restrain defendants from taking any action in regard to imposing or collecting the taxes. Special Term granted the preliminary injunction and fixed an undertaking of $250. This appeal by defendants followed.

To obtain a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits, (2) irreparable injury if the relief is not granted, and (3) a balancing of the equities in his favor (Clark v Cuomo, 103 AD2d 244, 245). When the injunction is sought to restrain the enforcement of a tax, it should be granted only in the most unusual cases (Grant Co. v Srogi, 52 NY2d 496, 517). In their application, plaintiffs have not demonstrated their clear entitlement to the relief that they seek.

Facially, the pertinent statutory provisions do not appear unconstitutional. Although Federal law prohibits the imposition of State taxes on Indians who are members of a reservation (Central Mach. Co. v Arizona Tax Commn., 448 US 160), a State may impose nondiscriminatory taxes on non-Indian

customers of Indian retailers who do business on the reservations *(Moe v Salish & Kootenai Tribes,* 425 US 463; *see, California State Bd. of Equalization v Chemehuevi Indian Tribe,* 474 US —, 106 S Ct 289) and may further impose the "minimal burden" of collecting the taxes from a non-Indian consumer on an Indian tribe or retailer as long as the legal incidence of the taxes falls on non-Indian purchasers *(Moe v Salish & Kootenai Tribes, supra,* p 483). This is precisely what the above statutory provisions require and allow. By their wording, the statutes appear to apply with an even hand in a fair, impartial and permissibly constitutional manner sufficient to meet the attack made by plaintiffs herein.

The critical question, of course, and the one which divides this court, is whether the burden of total prepayment initially imposed on Herzog as the distributor, which is subject ultimately to a refund or credit if the sales have been made to exempt entities or persons, imposes a burden on plaintiffs that exceeds the permissible "minimal burden of collection" standard. In our opinion, plaintiffs' application for a preliminary injunction does not demonstrate any such excess. Plaintiffs have, therefore, failed to establish the clear likelihood of success on the merits required for a showing of their entitlement to a preliminary injunction. Accordingly, their application for such injunction should be denied and the order of Special Term reversed.

Order reversed, on the law, without costs, and motion denied. Mahoney, P. J., Casey and Levine, JJ., concur.

Kane and Mikoll, JJ., dissent and vote to affirm in a memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent.

The issue to be decided on this appeal is whether Special Term properly granted plaintiffs' motion for a preliminary injunction. "In order to be entitled to a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits, (2) irreparable injury to him if the relief is not granted, and (3) a balancing of the equities in his favor" *(Clark v Cuomo,* 103 AD2d 244, 245). Appellate review is "limited to determining whether Special Term erred in finding that plaintiff had satisfactorily met his burden as to all three of the criteria delineated above which would entitle him to a preliminary injunction" *(id.,* pp 245-246). While issuance of a preliminary injunction to restrain the enforcement of a tax is permissible, it should only be exercised in the most unusual circumstances *(Grant Co. v Srogi,* 52 NY2d 496, 517).

In the case at bar, there should be an affirmance. Special Term did not abuse its discretion in finding that plaintiffs demonstrated the likelihood of their success on the merits, irreparable injury if relief were not granted and the equities balanced in their favor. The required unusual circumstances exist in this case *(see, Grant Co. v Srogi, supra)*.

Plaintiff Herzog Brothers Trucking, Inc. (Herzog) began making distributions of motor fuels to members of the Seneca Nation of Indians on the Allegany and Cattaraugus Reservations in June 1984. The sales were made to retail establishments located on the reservations which were authorized to purchase motor fuels on behalf of the Seneca Nation of Indians. Herzog's only sales in this State were to these Indians. The Indian retailers claimed that they were exempt from State taxation and refused to pay any motor fuel tax (Tax Law art 12-A) or sales tax (Tax Law art 28). Thus, neither tax was collected as to any of the sales.

Defendants contend that they can constitutionally subject plaintiffs and the Indian retailers to the burden of acting as their "agents" to assist in collecting the taxes in dispute and can require them to comply with the Tax Law's administrative provisions. We disagree.

Federal law preempts, and thus prohibits, the imposition of taxes by a State when the burden of such taxes is borne by Indians who are members of the reservation involved *(see, Central Mach. Co. v Arizona Tax Commn.,* 448 US 160; *Warren Trading Post v Tax Commn.,* 380 US 685, 691-692). However, a State may impose nondiscriminatory taxes on non-Indian customers of Indian retailers who conduct their business on the reservation *(see, Moe v Salish & Kootenai Tribes,* 425 US 463; *see also, California State Bd. of Equalization v Chemehuevi Indian Tribe,* 474 US —, 106 S Ct 289; *Washington v Confederated Tribes,* 447 US 134). As long as the legal incidence of the taxes falls only on the non-Indian purchaser, a State may even impose on an Indian tribe or Indian retailer the *minimal burden* of collecting the taxes from the non-Indian consumer *(Moe v Salish & Kootenai Tribes, supra,* pp 482-483; *see, California State Bd. of Equalization v Chemehuevi Indian Tribe, supra)*. In the case at bar, however, the burden imposed on the Indians appears to be more than the minimal burden approved by the Supreme Court in the above-referenced cases. The Indian retailers are required to prepay the entire amount of these taxes even though the majority of their sales are presumably tax free. In effect, an Indian retailer is required to prepay a tax on a transaction in which

no tax is imposed. Since no tax is or would ever be due on the sale of motor fuel to Indians, the Indian retailer is being deprived of his money for a period of time until he can prove it should be returned to him under this scheme. It clearly appears, therefore, that the cases relied on by defendants to justify this taxing scheme are distinguishable and inapplicable to the situation in this case. The tax on sales to Indians is preempted and thus prohibited. The taxing scheme therefore effectively requires plaintiffs to prepay a prohibited tax. This requirement on plaintiffs is also destructive of the trade relationship between Indians and their suppliers and is thus an unauthorized interference in Indian trading, an area preempted by Federal law (see, Central Mach. Co. v Arizona Tax Commn., supra).

Furthermore, Special Term's finding that plaintiffs established that they would suffer irreparable injury absent injunctive relief was proper. Plaintiffs assert that the Indian accounts constituted approximately 50% of their business and about $7,000 in sales per week. They assert that without such revenue, equipment purchased and financed to service those accounts would be lost. The loss to plaintiffs appears to be commercially life threatening, thus warranting the grant of a preliminary injunction (see, Stanley-Fizer Assoc. v Sport-Billy Prods. Rolf Dehyle, 608 F Supp 1033, 1035). It is also possible that further criminal sanctions may be imposed on plaintiffs after November 1, 1985. Accordingly, Special Term did not abuse its discretion when it found irreparable injury to plaintiffs.

Nor did Special Term abuse its discretion when it concluded that the equities balanced in plaintiffs' favor. Plaintiffs did not create the problems sought to be remedied by the new taxing scheme. It appears that plaintiffs relied in good faith on the Indian retailers' assurances that they were not required to pay these taxes. Moreover, the sums involved are substantial to plaintiffs but are insubstantial to defendants.

Additionally, we reject defendants' contention that plaintiffs should have exhausted their administrative remedies before pursuing this declaratory judgment action. "[W]hen the taxing authority's jurisdiction is challenged as unconstitutional or as inapplicable" (Horner v State of New York, 107 AD2d 64, 65), or when the constitutionality of a statute is challenged (see, Allstate Ins. Co. v Tax Commn., 115 AD2d 831, 834; Reader's Digest Assn. v Friedlander, 100 AD2d 871, 872, lv denied 64 NY2d 601), there is no need to exhaust administrative remedies. Special Term's order should be affirmed.