In the Matter of PAUL DELORONDE et al., Appellants, v NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, November 23, 1988

### APPEARANCES OF COUNSEL

*Vaughn N. Aldrich* and *John A. Piasecki* for appellants.

*Robert Abrams, Attorney-General (Lew A. Millenbach* and *Nancy A. Spiegel* of counsel), for respondent.

### OPINION OF THE COURT

LEVINE, J.

This petition was brought pursuant to CPLR article 78 to challenge the seizure by the State Police on a highway in Essex County of a truck and its contents consisting of a large quantity of cigarettes. No cigarette tax stamps, evidencing the payment of the State cigarette tax *(see,* Tax Law § 473), were affixed to the merchandise. The petition alleges that petitioners Paul DeLoronde and Reginald Hill are enrolled status Iroquois Indians and that they entered into a business arrangement under which DeLoronde gave Hill some $44,000 to purchase cigarettes in North Carolina to be transported and then distributed to enrolled status Indians residing at the Ganienkeh Indian Territory in Clinton County. It is further alleged that petitioner Ahmaed DaOui was hired by Hill to drive the truck with the cigarettes from North Carolina and was en route to the Indian territory at the time of the seizure. Following the seizure, the cigarettes were apparently turned over to respondent pursuant to Tax Law § 1846. Petitioners further allege that the transactions, including their possession and future sale of the cigarettes, are constitutionally exempt from tax under the Indian Commerce Clause of the United States Constitution (US Const, art I, § 8 [3]).

Before answering the petition, respondent moved to dismiss on the ground that petitioners failed to exhaust their administrative remedies to challenge and be afforded a hearing before respondent on the propriety of applying the State cigarette tax (Tax Law § 471) to the transactions in which they were engaged. Supreme Court granted dismissal of the petition, with prejudice, as to DaOui, applying the doctrine of res judicata, based upon his conviction of the misdemeanor of attempting to evade or defeat a tax (Tax Law § 1814 [a]) arising out of the incident. The court also granted dismissal of

the petition as to DeLoronde and Hill, but without prejudice, and remitted to respondent for a hearing on the ground that their claim involves factual questions "determinable at the administrative level". Only DeLoronde and Hill (hereinafter collectively referred to as petitioners) have appealed.

The order appealed from remits the matter to respondent for a hearing to determine the facts upon. which petitioners' claim to immunity from the imposition of the cigarette tax may be resolved. "Where a matter is remitted to an administrative agency for further action and the agency has the power and duty to exercise discretion or to make an independent record, its function remains quasi-judicial and the order is not final" *(Matter of Schreck v Wyman,* 39 AD2d 809, 810, *lv denied* 31 NY2d 644). Consequently, unless respondent has no jurisdiction to exercise its powers or make a record, as a matter of law, in determining petitioners' claim, the order is intermediate and not appealable as of right *(see, supra; see also,* CPLR 5701 [b]).

Petitioners' only argument that respondent lacked such jurisdiction is that the imposition of the cigarette tax to their transaction is constitutionally barred under the Indian Commerce Clause and preempted under the Federal Indian trader statutes (25 USC §§ 261-264) promulgated thereunder. We disagree. As the United States Supreme Court decisions in *California Bd. of Equalization v Chemehuevi Tribe* (474 US 9) and *Washington v Confederated Tribes* (447 US 134) make quite clear, Federal law does not per se bar or preempt a tax on cigarette sales upon reservations by Indian vendors. The tax may be imposed provided that it is nondiscriminatory and, under the statute, the incidence of the tax falls on ultimate consumers who are not tribal members *(California Bd. of Equalization v Chemehuevi Tribe, supra,* at 12; *Washington v Confederated Tribes, supra,* at 151, 157-158). The taxing scheme may also impose the burden upon Indian sellers to collect the tax and to keep detailed records of their exempt and nonexempt sales to aid the State in enforcing a valid tax *(Washington v Confederated Tribes, supra,* at 159). Finally, in *Washington,* the United States Supreme Court upheld the State's off-reservation seizure of unstamped cigarettes, the very procedure challenged here, as a proper measure to enforce collection of valid taxes *(supra,* at 161-162). We read the recent decision of the United States Supreme Court in *State Tax Commn. v Herzog Bros.* (— US —, 108 S Ct 2861), vacating the judgment in *Herzog Bros. Trucking v State Tax Commn.* (69 NY2d 536) and remanding the case to the Court

of Appeals, as confirming that the foregoing principles apply, even when the burden of prepayment of the tax, subject to a later refund procedure on tax exempt sales, is imposed upon the Indian vendors' suppliers.

Applying the above-discussed criteria to the cigarette taxing scheme involved here, it is readily apparent to us that the statute can be applied in a constitutionally valid manner. The statutory procedure for collection of the tax through purchase of tax stamps is similar to that in *Washington v Confederated Tribes (supra; see,* Tax Law § 472). An explicit exemption from the tax is given for "cigarettes sold under such circumstances that this state is without power to impose such tax" (Tax Law § 471 [1]). Additionally, it is expressly made the intent of the statute that "the ultimate incidence of and liability for the tax shall be upon the consumer" (Tax Law § 471 [2]). Accordingly, we agree with Supreme Court that an administrative determination is required, since petitioners' claim turns on resolution of factual issues, such as the status of petitioners and of the intended distributees of the cigarettes, as well as of questions of administrative interpretation and the application of the statute, for example, with respect to the law's refund provision (Tax Law § 476) as it may be applied to exempt sales. Respondent has represented that an administrative hearing will be afforded petitioners to resolve these questions, pursuant to the applicable statutory provisions *(see,* Tax Law §§ 475, 2006 [4]; § 171 [former (twenty-first)], as added by L 1979, ch 714). We note that the statute under scrutiny in *California Bd. of Equalization v Chemehuevi Tribe (supra)* contained comparable provisions for administrative determination of contested issues *(see,* Cal Rev & Tax Code §§ 30262, 30438).

Petitioners are plainly wrong in contending that, for purposes of this appeal, all of the allegations of the petition must be deemed true. Dismissal was not grounded upon the ground of legal insufficiency of the pleadings of the petition. Rather, it was based upon the necessity for remittal to determine factual questions upon which petitioners' claim of constitutional invalidity of the cigarette tax as applied to them depends, a claim upon which, incidentally, petitioners bear the burden of proof *(see, People v Parker,* 41 NY2d 21, 24; *see also, Washington v Confederated Tribes, supra,* at 160).

CASEY, J. P., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Appeal dismissed, without costs.