OPINION OF THE COURT
 

 Simons, J.
 

 This appeal questions whether the State may require the corporate plaintiff, a wholesale distributor of motor fuel to Seneca Indian retailers on the Allegany and Cattaraugus Reservations, to prepay taxes on motor fuel delivered to the retailers for resale to Indian and non-Indian consumers. We first considered the question in May 1987 on appeal by plaintiffs (69 NY2d 536). At that time, we held that the Federal Indian trader laws preempted State regulation of the corporate plaintiff and that the Appellate Division erred, therefore, in denying its application for an order preliminarily enjoining defendant from proceeding against it. The State Tax Commission then petitioned the Supreme Court of the United States for a writ of certiorari to review our decision. The Supreme Court granted the writ, vacated the judgment and remanded the case to us "for further consideration in light of proposed regulations” published by this State’s Commissioner of Taxation and Finance effective November 30, 1988 (20 NYCRR 414.6, 414.7) and applicable to sales made after January 1, 1989
 
 (see, State Tax Commn. v Herzog Bros. Trucking,
 
 — US
 
 *723
 
 —, 108 S Ct 2861). Now, upon reargument following remand, we adhere to our prior determination.
 

 Plaintiff Herzog Brothers Trucking, Inc. is a Pennsylvania corporation engaged in the wholesale and retail distribution and sale of motor fuels. In 1984 and 1985 it distributed motor fuels to the Seneca Nation of Indians by selling wholesale to authorized Indian retail establishments located on the Allegany and Cattaraugus Reservations. Those transactions constituted Herzog’s only sales in this State.
 

 New York subjects sales of motor fuel to both sales and motor fuel excise taxes. Under prior law the sales tax was collected at the time motor fuels were sold to the ultimate consumer and the motor fuel tax was collected upon the first sale by the distributor
 
 (see,
 
 Tax Law former arts 12-A, 28). Indian retailers claimed exemption from State taxation, however, and refused to collect or pay either tax. Because of this the taxes were being avoided by non-Indians purchasing untaxed motor fuels on the reservation. Accordingly, the Legislature amended the statute on June 1, 1985 (L 1985, ch 44, § 20, adding Tax Law § 1102) to impose motor fuel and sales taxes on the importation of motor fuels by the distributor of such fuels at the time the fuel is imported or first sold (Tax Law § 284 [1]; § 1102 [a] [i], [ii]). Under the statutory scheme, both taxes are then passed through to the retailer, ultimately to be borne by the retail consumer
 
 (see,
 
 Tax Law § 289-c [1], [2]; § 1102 [d]; § 1132 [a]; § 1133 [a]). The statute also provides that all motor fuel sold in the State is presumed to be subject to the motor fuel tax (Tax Law § 285-a). Only non-Indians are subject to the taxes, however; Indian consumers are exempt by Federal law. Accordingly, the statute allows the distributor a refund of previously paid taxes on fuel sold to Indians.
 

 In 1984 and 1985 defendant imposed an assessment of approximately $480,000 against Herzog for taxes due from sales to the Indian retailers. Herzog filed petitions challenging these assessments, claiming exemption because all their sales were to Indians on Indian reservations. In November 1985, while administrative proceedings were pending, plaintiffs instituted this action seeking a declaration of unconstitutionality of the taxes and the procedures employed to collect them. They moved for a preliminary injunction to restrain defendants from taking any action to impose or collect the taxes. Supreme Court granted the motion but the Appellate Division reversed and denied the motion. It thereafter granted leave to
 
 *724
 
 appeal to this court on a certified question and we reversed its order (69 NY2d 536,
 
 supra).
 

 *
 

 Our determination in favor of the plaintiff rested upon our conclusion that Herzog was a "trader” within the meaning of the Federal Indian trader laws, i.e., "[a]ny person desiring to trade with the Indians on any Indian reservation” (25 USC § 262), and that under Federal statutes, and the Supreme Court decisions construing them, the State’s action imposed an impermissible burden upon trade with reservation Indians, an area preempted by Federal law (69 NY2d, at 544-546,
 
 supra).
 
 Upon granting certiorari, the Supreme Court invited the Solicitor General of the United States to submit a brief
 
 amicus curiae.
 
 In his brief, the Solicitor General agreed with this court that plaintiff was an Indian trader and that insofar as the statutory scheme required it to prepay taxes on fuel that would ultimately be sold to Indian retail customers on the reservation, in effect requiring the routine payment of an invalid tax, it imposed an impermissible burden under the Indian trader statutes. He believed, however, that we interpreted the language of the statutes and the cases construing them too broadly. He contended that cases permitting the imposition of minimal burdens of collection on Indian retailers would justify the imposition of similar burdens on Indian traders, parties one step further removed from the taxable event in the chain of distribution. He suggested vacatur of the judgment and remand so that we might review the statutes as applied under new regulations proposed by New York’s Commissioner of Taxation and Finance but not yet adopted. The cases relied upon by the Solicitor General were fully considered by us in our earlier opinion. They rest on an analysis of the permissible limits of State interference with the sovereignty of Indian nations. Our decision rested on the Supremacy Clause and the preemption by the Federal Government of the regulation of Indian traders
 
 (see, Central Mach. Co. v Arizona Tax Commn.,
 
 448 US 160;
 
 Warren Trading Post v Tax Commn.,
 
 380 US 685). In the absence of a reversal by the Supreme Court, we assume that our interpretation of those
 
 *725
 
 decisions and our application of them to the facts before us represents the present state of the law on the subject.
 

 The Supreme Court order vacating the judgment remanded the case to us, however, for an opportunity to reconsider our decision in light of new regulations proposed by the Commissioner of Taxation and Finance not before us on the prior appeal but effective November 30, 1988. Defendant also requests us to address them, noting that the statutes are effective only insofar as collection of the taxes imposed is not precluded "by reason of the United States constitution and of laws of the United States enacted pursuant thereto” (Tax Law § 284 [1]; § 1102 [a]). Thus, while the tax collection scheme, and the regulations implementing it, applied to the 1984 and 1985 sales may have been unconstitutional, it is defendant’s contention that the statutes as implemented by these new regulations impose no unconstitutional burden on Indian traders and they ask us to modify our earlier decision accordingly.
 

 The new regulations apply only to sales of motor fuels after January 1, 1989 and it is not apparent from the record that plaintiff will continue to sell to the Indians. Thus, even assuming there were no factual issues to be determined when applying them, a decision on their validity upon the present record would constitute an advisory opinion involving hypothetical future transactions of unknown parties. It could "have no immediate effect and may never resolve anything” because defendant may not have occasion to assess tax payments against the corporate plaintiff or any other distributor under the circumstances presented by this appeal
 
 (see, New York Pub. Interest Research Group v Carey,
 
 42 NY2d 527, 531;
 
 see also, Cuomo v Long Is. Light. Co.,
 
 71 NY2d 349). Indeed, the briefs before the court indicate that the State and the Indians are presently attempting to negotiate a different solution to the tax collection problem. We express no opinion, therefore, on whether the statutes as implemented by the new regulations generally meet constitutional standards.
 

 Finally, the Attorney-General asks us to consider the validity of the assessments in light of the Hayden-Cartwright Act (4 USC § 104) which permits States to tax motor fuels sold on "United States military or other reservations”. This statute was not cited by defendant on the prior appeal to this court, not urged as a ground for reversal before the Supreme Court, and not identified by the Supreme Court as a matter for our consideration on remand. In that the subject is now before us
 
 *726
 
 for the first time, we decline to consider it
 
 (see,
 
 22 NYCRR 500.11 [g] [3]).
 

 Accordingly, upon reargument following remand from the Supreme Court of the United States, this court adheres to its May 7, 1987 decision of reversal (69 NY2d 536,
 
 supra).
 

 Chief Judge Wachtler and Judges Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Upon reargument, following remand from the Supreme Court of the United States, this court adheres to its May 7, 1987 decision of reversal (69 NY2d 536), without costs.
 

 *
 

 Our order remitted the matter to the Appellate Division for consideration of undetermined questions. Upon remand, the Appellate Division determined that plaintiff had established its likely success on the merits and affirmed the trial court’s prior grant of a preliminary injunction (132 AD2d 809). That subsequent decision is not affected by the matter now before the court because of our decision on this reargument.