MILHELM ATTEA & BROTHERS, INC., Also Known as MILHEM ATTEA & BROTHERS, INC., Respondent, v DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK et al., Appellants. (And Another Related Action.)

Third Department, December 6, 1990

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Lew A. Millenbach* and *Peter H. Schiff* of counsel), for appellants.

*Kavinoky & Cook (Joseph E. Zdarsky, Guy J. Agostinelli* and

*Gerald T. Walsh* of counsel), for Milhelm Attea & Brothers, Inc., respondent.

*Williams, Stevens, McCarville & Frizzell, P. C. (Timothy M. O'Mara* of counsel), for Elias H. Attea, Jr., respondent.

### OPINION OF THE COURT

MIKOLL, J.

Plaintiff in action No. 1, Milhelm Attea & Brothers, Inc. (hereinafter Attea Brothers), a wholesale dealer of cigarettes licensed under Tax Law § 480, is a New York corporation with its principal place of business in Erie County. Almost 75% of its sales are to Indians on Indian reservations in New York. Plaintiff in action No. 2, Elias H. Attea, Jr., also sells cigarettes wholesale to Indians on Indian reservations in New York.

The Tax Law imposes a cigarette tax on all cigarettes possessed in this State for sale "except that no tax shall be imposed on cigarettes sold under such circumstances that this state is without power to impose such tax" (Tax Law § 471 [1]). Sales of cigarettes on Indian reservations to Indians for personal consumption are exempt from State taxation (20 NYCRR 335.5 [a] [2]). Pursuant to regulations applicable to sales made after January 1, 1989, a tax is imposed on cigarettes sold at wholesale to Indians on Indian reservations for retail sale to non-Indians (*see,* 20 NYCRR 331.4-331.10, 335.5). Wholesalers may purchase, tax free, a quantity of cigarettes determined by defendant Department of Taxation and Finance (hereinafter the Department) to be the amount needed to supply the personal needs of the Indian consumers (20 NYCRR 335.5). Thus, the quantity of tax-free cigarettes which may be sold by the wholesalers is limited (20 NYCRR 335.5 [e]). Further, record-keeping requirements are imposed on the wholesalers (*see, e.g.,* 20 NYCRR 337.3) and applications for refunds for exempt sales upon which the tax was prepaid may be necessary (*see, e.g.,* 20 NYCRR 340.1).

Plaintiffs commenced the instant declaratory judgment actions seeking to have the new regulations declared invalid and to enjoin their enforcement. Subsequently, both plaintiffs moved for a preliminary injunction restraining enforcement of the new regulations. The motions were granted. Thereafter, motions were made by the respective parties for summary judgment. Supreme Court granted plaintiffs' summary judgment motions for the relief demanded in the complaint and

denied defendants' cross motions. The court also permanently enjoined defendants from, *inter alia,* enforcing the regulations. This appeal by defendants ensued.

The issues presented here are similar to those considered by the Court of Appeals in *Herzog Bros. Trucking v State Tax Commn.* (69 NY2d 536) and again considered by that court (72 NY2d 720) upon remand from the United States Supreme Court *(State Tax Commn. v Herzog Bros. Trucking,* 487 US 1212). As here, the plaintiff in *Herzog* was a wholesaler selling a product, in that case motor fuel, to Indians on a reservation who then sold it at retail to Indian and non-Indian consumers. There, the wholesaler was to collect the fuel tax upon the first sale and the tax was then included in the retail price and passed on to the ultimate consumer *(see, Herzog Bros. Trucking v State Tax Commn.,* 72 NY2d 720, 723, *supra).* A refund or credit was made where the ultimate consumer was an Indian *(supra).* When the Court of Appeals initially heard the case, it reversed this court's decision which had found the tax scheme valid *(Herzog Bros. Trucking v State Tax Commn.,* 69 NY2d 536, *supra, revg* 122 AD2d 518). The Court of Appeals at that time held that: "Congress has preempted the field of regulating trade with Indians on reservations and has left 'no room' for the application of supplementary State tax laws, such as the one here at issue, that impose 'additional burdens' on Indian traders * * *. Thus, no matter how minimal the burden imposed by the motor fuel taxation scheme on [the plaintiff], as a trader to the Seneca Nation, such regulation is preempted by the Federal Indian trader laws" *(supra,* at 546).

When the first *Herzog* case went to the United States Supreme Court, the case was remanded *(State Tax Commn. v Herzog Bros. Trucking,* 487 US 1212, *supra)* to the Court of Appeals to consider the effect of the motor fuel tax scheme contained in newly enacted regulations effective November 30, 1988 and applicable to sales made after January 1, 1989. Those regulations differed from the regulations originally in issue *(Herzog Bros. Trucking v State Tax Commn.,* 69 NY2d 536, *supra),* but are substantially similar to those at issue in the instant case. The regulations originally in issue in *Herzog* required the wholesaler to prepay sales tax on all fuel sold and apply for a refund or credit of tax paid where the ultimate sale was tax exempt. During the pendency of *Herzog,* the Department published for comment new regulations which, like the regulations now before the court, provided for preapproval of tax-free sales to Indians by registered dealers.

No tax was to be paid on fuel designated for such sales at any point in the transaction (20 NYCRR 414.7 [a] [3]). The amount of fuel which would be preapproved for tax-free sale was set by the Department based on projected Indian consumption (20 NYCRR 414.7 [a] [2]; [b]). On remand from the United States Supreme Court for consideration of the case in light of the newly published regulations, the Court of Appeals refused to review the constitutionality of those regulations, reasoning that to do so would be to render an advisory opinion *(Herzog Bros. Trucking v State Tax Commn., 72 NY2d 720, 725, supra).*

This court is now called upon to address the constitutionality of similar regulations. When the Court of Appeals heard *Herzog* on remand, it referred to its analysis of the case law on the issue in the first *Herzog* case and opined that "[i]n the absence of a reversal by the Supreme Court, we assume that our interpretation of those decisions and our application of them to the facts before us represents the present state of the law on the subject" *(supra, at 724-725).* Accordingly, the tax scheme under review here fails because it imposes some burden, although only minimal, on the Indian trader contrary to the Court of Appeals interpretation of the applicable Supreme Court decisions *(see, supra; see also, Warren Trading Post v Tax Commn., 380 US 685, 690; Herzog Bros. Trucking v State Tax Commn., 69 NY2d 536, 546, supra).*

We note that this court's decision in *Matter of DeLoronde v New York State Tax Commn.* (142 AD2d 90, *appeal dismissed, lv denied* 73 NY2d 986) was rendered November 23, 1988 without the benefit of the decision on remand in *Herzog (supra),* which was rendered December 22, 1988.

WEISS, J. P., LEVINE, MERCURE and HARVEY, JJ., concur.

Order and judgment affirmed, with costs.