■ In the Matter of NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Appellant, v RAY MACLEOD et al., Respondents.—Kane, J. P. Appeal from an order of the Supreme Court (Cheeseman, J.), entered September 29, 1989 in Albany County, which, *inter alia,* dismissed petitioner's application pursuant to Tax Law § 1848 (c) to confirm the seizure of respondents' motor fuel and vehicles.

Respondent Ray MacLeod is a Canadian citizen licensed by the United States Government as an Indian trader pursuant to 25 USC § 261 *et seq.* In May 1989, MacLeod arranged for delivery of 8,000 gallons of motor fuel from Canada to the Oneida Indian Reservation located within New York. The fuel had been purchased from a Canadian exporter, respondent MacEwen Fuels, Ltd., and was to be delivered by an independent trucking contractor, respondent Bruce R. Roundpoint, doing business as Roundpoint Construction Company. On May 23, 1989, Roundpoint's driver picked up the fuel and was given a loading ticket, an invoice and a customs and excise document. He then proceeded to the United States Customs station outside the City of Massena, St. Lawrence County, where the fuel was approved for entry into the United States. The driver was then detained by petitioner's agents and the fuel and the truck that transported it were seized because the driver did not have the requisite "Uniform Gasoline Manifest" and none of respondents were registered as motor fuel distributors or importers as required by the Tax Law *(see,* Tax Law §§ 283, 283-a, 1848 [a]). Petitioner then made this motion to confirm the seizure *(see,* Tax Law § 1848 [c]). Supreme Court denied the motion to confirm, concluding that the seizure statute was inapplicable because the fuel was destined for an Indian reservation and was not "for use, distribution, storage or sale in the state" (Tax Law § 1848 [a]). Petitioner now appeals.

We affirm, although for reasons somewhat different than those relied on by Supreme Court. It is our view that, inasmuch as the relevant tax statutes impose a burden on the

Indian trader, they are preempted by Federal law *(see, Herzog Bros. Trucking v State Tax Commn.,* 69 NY2d 536, *on remand* 72 NY2d 720).* This court so held in a recent case regarding a similar tax scheme applicable to cigarette sales on Indian reservations *(see, Attea & Bros. v Department of Taxation & Fin. of State of N. Y.,* 164 AD2d 300). As stated therein, the Court of Appeals' reasoning in *Herzog Bros. Trucking v State Tax Commn.* (69 NY2d 536, *supra)* is dispositive on the issue of State tax laws that impose additional burdens on Indian traders *(see, Attea & Bros. v Department of Taxation & Fin. of State of N. Y., supra).* "[N]o matter how minimal the burden imposed by the motor fuel taxation scheme on [Indian traders], such regulation is preempted by the Federal Indian trader laws" *(Herzog Bros. Trucking v State Tax Commn.,* 69 NY2d 536, 546, *supra).* Accordingly, Supreme Court correctly denied the motion to confirm the seizure.

Order affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.