MILHELM ATTEA & BROTHERS, INC., Also Known as MILHEM ATTEA & BROTHERS, INC., Respondent, v DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK et al., Appellants. (And Another Related Action.)

Third Department, July 9, 1992

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Lew A. Millenbach* of counsel), for appellants.

*Zdarsky, Sawicki & Agostinelli (Joseph Zdarsky* of counsel), for Milhelm Attea & Brothers, Inc., respondent.

*Williams, Stevens, McCarville & Frizzell, P. C. (Timothy M. O'Mara* of counsel), for Elias H. Attea, Jr., respondent.

*Duker & Barrett (George F. Carpinello* of counsel), for Oneida Indian Nation of New York, *amicus curiae.*

*Roland, Fogel, Koblenz & Carr (Emilio Petroccione* of counsel), for Empire State Petroleum Association, Inc., *amicus curiae.*

## OPINION OF THE COURT

MIKOLL, J.

This matter is before us on remand from the United States Supreme Court for further consideration in light of its recent opinion in *Oklahoma Tax Commn. v Citizen Band Potawatomi Indian Tribe* (498 US 505, 111 S Ct 905). The underlying facts are set out in this court's prior decision (164 AD2d 300, *appeal dismissed* 77 NY2d 989, *lv denied* 78 NY2d 858, *vacated* — US —, 112 S Ct 926).

In our initial review of the matter, we held that *Herzog Bros. Trucking v State Tax Commn.* (72 NY2d 720, 724-725) compelled invalidation of the tax scheme in issue here on the ground of Federal preemption. We found that the scheme placed a burden upon wholesalers known as Indian traders, who are licensed by the Federal Government to trade with Indians *(see,* 25 USC § 261 *et seq.),* and that Congress had preempted the field of regulating trade with Indians on reservations *(see, id.),* thus foreclosing the imposition of supplementary State tax laws that impose burdens on Indian traders (164 AD2d 300, *supra).*

We note that the Federal preemption issue presented by the tax scheme in the instant case was not before the Supreme Court in *Oklahoma Tax Commn. (supra).* The Supreme Court indicated, however, in response to concerns based upon Indian sovereign immunity vis-à-vis enforcement of a scheme where Indians were required to collect and remit taxes due for sales to non-Indians, that "under today's decision, States may of course collect the sales tax from cigarette wholesalers, either by seizing unstamped cigarettes off the reservation * * * or by assessing wholesalers who supplied unstamped cigarettes to the tribal stores" *(Oklahoma Tax Commn. v Citizen Band Potawatomi Indian Tribe, supra,* 498 US, at —, 111 S Ct, at 912).

From this we conclude that the Supreme Court is of the view that not all burdens placed upon Indian traders by States attempting to implement and enforce tax schemes aimed at taxing sales by Indian retailers to non-Indians made

on Indian reservations are impermissible. The Supreme Court's observations call into question the continued validity of the legal analysis underpinning the Court of Appeals' decision in *Herzog Bros. Trucking v State Tax Commn.* (69 NY2d 536, *vacated* 487 US 1212) and again considered by that court upon remand from the Supreme Court *(see, Herzog Bros. Trucking v State Tax Commn.,* 72 NY2d 720, *supra)* and which opinion was the legal underpinning for our holding in this matter (164 AD2d 300, *supra).**

We now hold that minimal burdens such as are prescribed by the tax scheme promulgated pursuant to 20 NYCRR 335.5 upon Indian traders in collecting sales taxes on sales by Indian retailers to non-Indian purchasers made on Indian reservations are not barred by Federal preemption of the field of regulating trade with Indians *(see,* 25 USC § 261 *et seq.).*

WEISS, P. J., LEVINE, MERCURE and HARVEY, JJ., concur.

Ordered that the order and judgment is reversed, on the law, without costs, motions denied, cross motions granted, summary judgment awarded to defendants and it is declared that those portions of 20 NYCRR parts 331 and 335 at issue herein have not been shown to be unconstitutional.

---

* We note that the regulations at issue here are not the same as those addressed by the Court of Appeals in *Herzog Bros. Trucking (supra).*