■ In the Matter of ORVIS COMPANY, INC., Appellant, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [612 NYS2d 503] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

On February 23, 1981, the Audit Division of respondent Department of Taxation and Finance (hereinafter the Department) wrote to petitioner, a Vermont corporation engaged in mail order sales of merchandise throughout the United States, requesting information regarding its activities in New York. Thomas Vaccaro, petitioner's treasurer, made the following response by letter dated March 27, 1981.

"The Orvis Company is a catalogue mail order house located in Manchester, Vermont. Customers in New York order sporting goods through the catalogue. The Orvis Company maintains no offices or stores in the State of New York; The Orvis Company has no salesmen who reside in the State of New York.

"Some salesmen who reside in Vermont travel into New York to call on non-Orvis owned stores. The salesmen in no way bind the Orvis Company; all orders are approved in Vermont."

Following an exchange of correspondence, the Department on February 28, 1981 provided petitioner with a "statement of proposed audit adjustment" showing total sales and use taxes due of $223,559.20 plus interest on retail sales in New York between September 1, 1977 and August 31, 1980. Because the

parties' attempt to settle this matter by negotiation was not fruitful, the Department on April 22, 1986 issued a "notice of determination and demand for payment of sales and use taxes due".

On July 18, 1986, petitioner filed a petition with the former Tax Appeals Bureau protesting the statutory notice. A conciliation order sustaining the notice was issued on February 19, 1988. Petitioner then filed another petition on March 23, 1988. After a hearing, an Administrative Law Judge (hereinafter ALJ) sustained the determination notice. Petitioner took exception before respondent Tax Appeals Tribunal which affirmed the ALJ's determination, giving rise to this proceeding.

We begin our analysis of petitioner's initial argument that New York's imposition of use tax collection obligations upon it contravenes the Commerce Clause of the US Constitution by examining *Quill Corp. v North Dakota* (504 US —, 112 S Ct 1904), which involved the imposition of a use tax by North Dakota on an out-of-State mail order company. *Quill* holds that, under the Commerce Clause, the imposition of a State use tax obligation requires, *inter alia,* a "substantial nexus" between the taxing State and the activity taxed to ensure that State taxation does not unduly burden interstate commerce *(supra,* at 1913). In the mail order context, "substantial nexus" requires an in-State physical presence, and thus, the question of "whether or not a State may compel a vendor to collect a sales or use tax may turn on the presence in the taxing State of a small sales force, plant, or office" *(supra,* at 1914). While the US Supreme Court did not explicitly define what range of commercial activity constitutes "physical presence", it is clear that the " ' "slightest presence" ' " standard is no longer viable *(see, supra,* at 1914, n 8). Thus, the effect of *Quill* is that it increased the requisite threshold of in-State physical presence from any measurable amount of in-State people or property to substantial amounts of in-State people or property *(see,* Hamersley, *Will Bellas Hess Physical Presence Requirement Continue to Protect Out-of-State Mail-Order Retailers From State Use Taxes in Quill Era? Quill Corp. v North Dakota,* 46 Tax Lawyer 515).

Turning to this matter, petitioner had the burden of showing by clear and cogent evidence that the imposition of a use tax collection obligation upon it contravenes the Commerce Clause *(see, Matter of Allied-Signal v Commissioner of Fin.,* 79 NY2d 73, 79; *Matter of DeLoronde v New York State Tax Commn.,* 142 AD2d 90, 93, *appeal dismissed, lv denied* 73 NY2d 986). To meet its burden petitioner submitted an affida-

vit from Vaccaro and another corporate officer detailing its activities in New York. These affidavits showed that during the assessment period Orvis employees made 12 trips to New York to communicate with retailers about various problems and to inspect the establishments of retailers who sold products bearing the "Orvis" trademark. The proof further showed that retailers placed wholesale orders with Orvis by mail or telephone.

The Tribunal gave these affidavits no weight because the ALJ was not able to evaluate the credibility of the affiants, the Department did not have the opportunity to cross-examine them and the statements therein were at variance with Vaccaro's letter of March 27, 1981. It then went on to conclude that because there was nothing in the record to describe the exact nature of the activity of Orvis' employees in New York, petitioner had not sustained its burden of proof on this constitutional issue.

Although it is within the Tribunal's prerogative to weigh the evidence before it, we find no rational basis for its decision to accept Vaccaro's unsworn letter* and to disregard his sworn affidavit, which merely expands on and does not contravene the information contained in his letter (see, Matter of Mobley v Tax Appeals Tribunal, 177 AD2d 797, 800, appeal dismissed 79 NY2d 978). Furthermore, it was arbitrary and capricious to penalize petitioner for using affidavits in lieu of oral testimony when the Department's regulations authorize such procedure (see, 20 NYCRR 3000.10 [d] [1]).

Considering Vaccaro's letter and affidavit, and even assuming that on the 12 occasions between September 1, 1977 and August 31, 1980 when petitioner's employees traveled to New York they solicited orders from retailers, we find that petitioner has established by clear and cogent evidence that New York's imposition of a use tax collection burden upon it contravenes the Commerce Clause because petitioner's sporadic activities in New York do not satisfy the "substantial nexus" requirement articulated in Quill Corp. v North Dakota (supra; see, L.L. Bean v Commonwealth of Pa., 101 Pa Commw 435, 516 A2d 820). In view of our disposition of this constitutional issue, we need not consider petitioner's other contentions.

Lastly, we shall dismiss the second claim in the petition

---

* The Department could not disregard this letter because it relied upon it to establish that petitioner was a vendor within the meaning of Tax Law § 1101 (b) (8) (i) (former [C]).

predicated upon 42 USC §§ 1983 and 1988 as such action must be prosecuted in Supreme Court (see, Siegel, NY Prac § 11, at 14-15 [2d ed]).

Accordingly, for these reasons, the petition is granted to the extent indicated.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Adjudged that the determination is annulled, with costs, and petition partially granted.

