■ In the Matter of VERMONT INFORMATION PROCESSING, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [615 NYS2d 99] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner, a Vermont-based corporation, markets computer software and hardware to beverage distributors across the nation. While auditing the records of one of petitioner's New York customers, the Audit Division of the Department of Taxation and Finance (hereinafter the Division) discovered a letter from petitioner that appeared to refer to activities, carried on by petitioner within this State, that the Division believed to be subject to sales or use tax. Petitioner refused to make its records available for an audit, but an examination of Federal and Vermont tax information led the Division to conclude that petitioner owed sales and use taxes in the amount of $513,112.11, plus penalties and interest, for the period spanning from December 1, 1983 to November 30, 1986.

In its petition seeking administrative review and revision of the assessment—which following a conciliation conference was reduced to $85,172.08 (again, exclusive of penalties and interest)—petitioner asserted that it was not a vendor, as that term is defined by the Tax Law, and was therefore not required to collect and remit sales and use taxes for any of its activities in New York. After an evidentiary hearing, the Administrative Law Judge (hereinafter the ALJ) upheld the assessment,

which prior to the hearing had been further reduced to $73,275.04. Respondent Tax Appeals Tribunal upheld the ALJ's determination, finding that petitioner's distribution of brochures to prospective customers in New York satisfied the definition of a "vendor" found in Tax Law § 1101 (b) (8) (former [i]) (in effect during the audit period), as it constituted the solicitation of business within the State, and that site visits made by petitioner's employees to customers in New York, primarily for the purpose of troubleshooting and occasionally installing software, constituted a sufficient nexus with the State to satisfy the constitutional requirements for imposing a duty to collect and remit State use taxes *(see, e.g., National Geographic Socy. v California Bd. of Equalization,* 430 US 551, 555-556). Petitioner thereafter commenced this proceeding, in which it seeks to have the decision of the Tribunal set aside as erroneous, illegal and unconstitutional *(see,* Tax Law § 2016).

While petitioner's activities within the State, which include the distribution of brochures to potential customers at their request, satisfy the definition of a "vendor" set forth in the Tax Law and applicable regulations *(see,* Tax Law § 1101 [b] [8] [former (i) (C)]; 20 NYCRR 526.10 [former (d)]), petitioner's contention that it does not have sufficient contacts with New York to satisfy the constitutional prerequisites for imposing a duty to collect and remit use taxes is persuasive. It is settled that the Commerce Clause prohibits the imposition of such a duty upon a party having no "physical presence" in the taxing State *(Quill Corp. v North Dakota,* 504 US —, —, 112 S Ct 1904, 1913), and although the US Supreme Court did not indicate in *Quill Corp. v North Dakota (supra)* exactly how much contact with a State is enough to satisfy the constitutional mandate, it is clear that more than a "slight" presence is necessary *(see, supra,* 504 US, at n 8, 112 S Ct, at 1914, n 8; *Matter of Orvis Co. v Tax Appeals Tribunal,* 204 AD2d 916, 917). Thus, if the only contact with customers in the taxing State is by mail or common carrier, or if the only physical presence within the State is an occasional visit by one or more employees, taxation is not permitted *(see, Quill v North Dakota, supra,* 504 US, at —, 112 S Ct, at 1914; *Matter of Orvis Co. v Tax Appeals Tribunal, supra; cf., Miller Bros. Co. v Maryland,* 347 US 340). On the other hand, if employees, agents or independent contractors are permanently stationed in the taxing State for the purpose of soliciting business or performing maintenance or repair, taxation is not proscribed *(see, Scripto Inc. v Carson,* 362 US 207, 211; *Felt & Tarrant Co. v Gallagher,* 306 US 62, 64-66).

Here, it is undisputed that petitioner has no office or other place of business, no telephone number, no employees or salespeople, and no means of delivering its products in New York, nor does it advertise in New York newspapers or periodicals. Petitioner's president testified that it is not petitioner's ordinary practice to travel to its customers' places of business, and that on-site visits are only made to approximately 5% of petitioner's customers for the purpose of correcting persistent or difficult problems, or occasionally to install software or train employees. Moreover, the Division auditor's work papers, received in evidence at the hearing, when considered in light of the uncontradicted testimony of petitioner's president, who explained that petitioner does not actually perform any of the hardware installation and maintenance listed on its invoices, indicate no more than 30 or 40 of these visits to New York over a three-year period. This activity, without more, does not rise to the level necessary to justify taxation, for these visits, although perhaps slightly more frequent, are of the same character as those which were found in *Matter of Orvis Co. v Tax Appeals Tribunal* (204 AD2d 916, *supra)* to be inadequate to meet the "nexus" requirement established in *Quill.*

Inasmuch as petitioner has adequately demonstrated that it has no substantial "physical presence" within New York, the Division may not impose upon it a duty to collect and remit a compensating use tax for the tangible personal property it sells here *(see, Matter of Orvis Co. v Tax Appeals Tribunal, supra).* Consequently, the determination at issue must be annulled.

Mikoll, J. P., Mercure, White and Casey, JJ., concur. Adjudged that the determination is annulled, with costs, and petition granted.